CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 8 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EDWIN R. CRUZ,<br>    Plaintiff, | )<br>) Civil Action No. 7:05-cv-00662<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| D. MUSSER,<br>    Defendant. | ) By: Hon. James C. Turk<br>) Senior United States District Judge |

    Plaintiff Edwin R. Cruz, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Cruz alleges that the defendant, a prison official, deprived him of constitutional rights by wrongfully charging him with a disciplinary infraction that later affected his annual review for parole. He seeks to have the charge removed from his record and to be transferred to Keen Mountain Correctional Center.

    Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

    Cruz bases his claims on the following allegations. On August 5, 2002, at 2:50 in the afternoon, at Red Onion State Prison (ROSP), the defendant, Ms. Musser, brought Cruz two pages of material he had requested from the law library and asked him to "sign for them." He refused to sign because he did not agree with the material she had brought him. She charged him with a disciplinary infraction for delaying, hindering or interfering with an employee in the performance

1

of duties. In support of the charge, she wrote that by requesting materials and then refusing them, Cruz had delayed and hindered the job duties of his counselor and the law library. On September 14, 2005, prison officials reviewed Cruz's status in segregated confinement. Based on the charge that Ms. Musser wrote against him on August 5, 2005, the reviewing officers recommended that Cruz remain in segregation.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). While convicted prisoners relinquish many rights upon being incarcerated, the due process clause of the Fourteenth Amendment mandates certain procedural safeguards before an inmate may be punished by conditions that impose atypical hardship upon him, compared to the normal range of restraint contemplated by his sentence, or by a penalty that inevitably increases his the length of his confinement. See Sandin v. Conner, 515 U.S. 472 (1995); Wolff v. McDonnell, 418 U.S. 539 (1974). The Court in Sandin specifically found that where conditions in segregated confinement were no worse than conditions in similar, but totally discretionary categories of confinement in either duration or degree of restriction, segregation did not implicate any federally protected liberty interest. Id. The court in Sandin also found that the possible effects of the disciplinary conviction on the inmate's chances for discretionary parole did not give rise to a federally protected liberty interest.

Under these principles, the court cannot find that Cruz states any possible due process claim. He does not allege that he suffered any penalty for his disciplinary conviction that imposed atypical

2

hardship on him, including his continuation in segregation.[1] Thus, he fails to state any federal due process claim under Sandin.

Cruz also alleges that Musser's actions violated his right to equal protection. This claim fails, however, inasmuch as he fails to demonstrate that she treated him differently than any other inmate would have been treated under similar circumstances. See Moss v. Clark, 886 F.2d 686 (4th Cir. 1989); see also Washington v. Harper, 494 U.S. 210 (1990).

Finding no respect in which Musser's actions violated Cruz's constitutional rights, the court concludes that Cruz fails to state any possible claims actionable under § 1983. Accordingly, the court finds that plaintiff's complaint must be dismissed for failure to state a claim, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendant.

ENTER: This 8th day of November, 2005.

Senior United States District Judge

---

[1] Cruz also appears to believe that he should be transferred to a lower security prison, but that Musser's actions interfered with his ability to qualify for a transfer. This fact also states no constitutional claim, because inmates have no constitutional right to be housed in any particular prison or security level. Meachum v. Fano, 427 U.S. 215 (1976).